**Eric S. Fish**
California Bar No. 280992
**Federal Defenders of San Diego, Inc.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Eric_Fish@fd.org

Attorneys for Olga George

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HONORABLE RUBEN B. BROOKS)**

| | |
|---|---|
| **United States of America,** | Case No: 18mj-2085-RBB |
| Plaintiff, | **Request to Cross-Examine Declarant** |
| vs. | |
| **Olga George,** | |
| Defendant. | |

In opposing Ms. George's motion to dismiss for selective prosecution, the government filed a declaration from Ryan Yamasaki, an Assistant Chief Patrol Agent. See Dkt. No. 32-2. In that declaration, Agent Yamasaki makes various factual assertions, including that "individuals' status as caravan participants, not their nationality," was the "reason for prosecution." Dkt. No. 32-2 at 4. He also declares that some caravan members were identified through a "list provided by Mexican immigration officials," although he otherwise provides little information about the list, including how it was compiled and when it was received. See Dkt. No. 32-2 at 3.

At the hearing on May 23, 2018, the government contended that it did not need to subject Agent Yamasaki to cross-examination. Ms. George disagreed. She argued that, if this Court intended to rely on the declaration to deny her motion—and it appeared from this Court's tentative that it intended to do so—that Agent Yamasaki should be subject to cross-examination about his factual assertions, assertions that Ms. George disputed. This Court asked the parties to submit supplement briefing on this issue. This is that briefing.

1. Ms. George has a right to cross-examine Agent Yamasaki under Local Criminal Rule 47.1. That rule provides: "Each declarant in support of and in opposition to criminal motions must be made available for cross-examination at the hearing of the motion, unless the opposing party does not dispute the facts contained in the declaration." S.D. CRIM. R. 47.1; *see also United States v. Herrera-Rivera*, 832 F.3d 1166, 1173 (9th Cir. 2016) (holding that the district court did not abuse its discretion by enforcing this rule). Here, the government has filed a declaration in opposition to a motion. Ms. George contests the facts in that declaration. Mr. Yamasaki must therefore be made "available for cross-examination[.]" See *id.* Denying Ms. George the right to cross-examine Mr. Yamasaki would violate her basic due-process rights.

2. At the hearing, the government contended that the local rule was an improper "end run" cases like *United States v. Armstrong*, 517 U.S. 456 (1996), which limited a defendant's right to discovery when seeking to support a selective-prosecution claim. This argument misunderstands *Armstrong*. In *Armstrong*, the defendant claimed that he was entitled to discovery under Rule 16's low standard. 517 U.S. at 461–62. The Court disagreed. But in doing so, the Court did not hold that the government's interest in not producing discovery in selective-prosecution cases trumped Rule 16. Instead, the Court held that Rule 16 by its very terms did not apply to defenses like

selective prosecution. 517 U.S. at 461–63. Thus, the defendant could not point to any generally applicable rule to support his discovery request and was left relying on general, common-law principles. See *id.* at 463–70. *Armstrong*, then, does not give the government the right to ignore generally applicable rules just because the defendant has raised a selective-prosecution claim. And, in this case, Ms. George can point to a generally applicable rule that governs her request for cross-examination: Rule 47.1. Nothing about Rule 47.1's text makes it inapplicable to selective-prosecution motions.

Moreover, cross-examining a witness was not the type of "discovery" at issue in cases like *Armstrong*. While the government filed declarations in *Armstrong*, defense counsel did not apparently ask to cross-examine the declarants. Instead, the defendant wanted the government to "assemble from its own files documents which might corroborate or refute the defendant's claim," something the Court refused to order the government to do. 517 U.S. at 468. By contrast, with this request, Ms. George is not asking for documents. Now that the government has made the choice to rely on a witness's declaration and put that declaration in the record, Ms. George wants to challenge that witness's assertions via cross-examination before this Court relies on the truth of the witness's assertions. *Armstrong* is silent as to that sort of request.

///
///
///
///
///
///

UNITED STATES V. GEORGE, 18MJ-2085-RBB – REQUEST TO CROSS-EXAMINE DECLARANT - 3

In sum, the government is seeking to shield its witness from scrutiny by refusing to make its witness available for "cross-examination." See S.D. CRIM. R. 47.1. This Court should therefore allow defense counsel the chance to cross-examine Agent Yamasaki—and, if the government does not make him available, this Court should refuse to consider his declaration.

Respectfully submitted,

Dated: May 30, 2018

*s/ Eric S. Fish*

**Eric S. Fish**
Federal Defenders of San Diego, Inc.
Attorneys for Ms. George

## CERTIFICATE OF SERVICE

Counsel for the Defendant certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

Davis M. Loop  
Assistant U.S. Attorney

Jaclyn B. Stahl  
Assistant U.S. Attorney

Michael Lasater  
Assistant U.S. Attorney

Respectfully submitted,

Dated:   May 30, 2018

*s/ Eric S. Fish*  
**Eric S. Fish**  
Federal Defenders of San Diego, Inc.  
Attorneys for Ms. George